UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WESTCHESTER FIRE INSURANCE　　　　　　　CASE NO. _____
COMPANY, a foreign corporation,

  Plaintiff,
vs.

MID-CONTINENT CASUALTY
COMPANY, a foreign corporation,

  Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, WESTCHESTER FIRE INSURANCE COMPANY, sues the Defendant, MID-CONTINENT CASUALTY COMPANY, and alleges:

## GENERAL ALLEGATIONS

1. This is an action for damages in excess of Seventy-Five Thousand and No/100 Dollars ($75,000.00) exclusive of interest, costs and attorneys' fees.

2. At all material times, Plaintiff, WESTCHESTER FIRE INSURANCE COMPANY ("WFIC"), is a Georgia corporation with its principal place of business in Pennsylvania and was authorized to do business in the State of Florida.

3. At all material times, Defendant, MID-CONTINENT CASUALTY COMPANY ("MID-CONTINENT"), was a foreign corporation with its principal place of business in the State of Oklahoma and was authorized to do business in the State of Florida.

4. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1332. Venue is proper in that the dispute between the parties occurred in the Southern District of Florida.

5. On or about April 25, 2003, the Plaintiff and the Defendant provided primary and excess insurance coverage to Continental Manufacturing Co., Inc. ("Continental").

*Complaint and Demand for Jury Trial*

6. At all material times, the MID-CONTINENT policy provided $1 million in primary commercial general liability coverage, to Continental.

7. At all material times, the WFIC policy provided $5 million in umbrella coverage to CONTINENTAL.

8. On or about May 19, 2003, Jesus Pillado was involved in an accident with a concrete mixer truck manufactured, designed, assembled and sold by Continental which resulted in multiple injuries, including alleged brain damage and a fractured vertebrae.

9. On or about January 12, 2006 Mr. Pillado filed a lawsuit in Miami-Dade County against Continental alleging that Continental was negligent when it manufactured and assembled an air hopper (Count I), that Continental was strictly liable for the manufacturer and negligent design of the concrete truck hopper (Count II) and that Continental failed to warn Jesus Pillado of the dangerous conditions that existed with the concrete mixer truck and its hopper (Count III).

10. The Complaint filed in the underlying action is attached hereto as **Exhibit A**.

## INSURANCE POLICIES

11. At all material times, Continental had a primary insurance policy of $1 million with MID-CONTINENT, Policy No. 04-GL000111734, with effective dates from April 25, 2003 to April 25, 2004. Attached as **Exhibit B** is the Mid-Continent policy.

12. At all material times, Continental had an umbrella insurance policy with limits of $5 million with WFIC pursuant to a commercial umbrella Policy No. CUS-711557, with effective dates from April 25, 2003 to April 25, 2004. Attached as **Exhibit C** is the WFIC policy.

*Complaint and Demand for Jury Trial*

13. The WFIC umbrella policy was excess to the MID-CONTINENT primary policy, for covered occurrences and damages as defined therein.

## UNDERLYING INCIDENT

14. On or about May 19, 2003, Jesus Pillado was injured allegedly due to the malfunction of an air hopper on a concrete mixer truck manufactured, designed, assembled and sold by Continental.

15. It was alleged that on May 19, 2003, the Plaintiff Jesus Pillado was operating a concrete mixer truck when the air hopper assembly became wedged, trapped or stuck in the raised, upright position.

16. The Plaintiff alleges that he attempted to lower the hopper to its proper position when suddenly and rapidly the hopper dropped, striking him, knocking him to the ground and causing severe permanent injuries to his body.

17. After the filing of the lawsuit MID-CONTINENT acknowledged Jesus Pillado's claims and provided a defense to Continental in the underlying action. The lawsuit was litigated for over five years.

18. Despite offers by the Plaintiff presenting the opportunity to settle within MID-CONTINENT's policy limit in exchange release Continental and its insurers (including Plaintiff and Defendant), MID-CONTINENT refused to settle.

19. The Pillado claim went to trial and on Monday, June 14, 2010, the jury returned a verdict in excess of the MID-CONTINENT $1 million policy limit. A Final Judgment was entered on September 8, 2010 against Continental in the amount of $1,990,173.00. This

3

MCINTOSH SAWRAN & CARTAYA, P.A. • ATTORNEYS AT LAW • 1776 EAST SUNRISE BLVD • FORT LAUDERDALE, FL 33304
TELEPHONE (954) 765-1001       FACSIMILE (954) 765-1005

*Complaint and Demand for Jury Trial*

Judgment resulted in excess exposure of $705,173.00 to Continental and WFIC as its excess insurance carrier.

20. On multiple occasions both before and during the Pillado trial, WFIC demanded that MID-CONTINENT negotiate with the Plaintiff to settle all of the claims within MID-CONTINENT's $1 million policy limit.

21. On numerous occasions WFIC demanded that MID-CONTINENT act quickly to protect the interests of the insured, including the interest of the Plaintiff as the excess carrier, by making all reasonable efforts to resolve the case within the limits provided by MID-CONTINENT's layer of coverage.

22. Despite these requests, MID-CONTINENT failed to negotiate in good faith with Jesus Pillado and his lawyers, after being provided ample opportunities to do so.

23. MID-CONTINENT failed to make all best efforts to resolve the Pillado claims prior to and during the trial and prior to the entry of an excess verdict against Continental.

24. At all material times, MID-CONTINENT failed to negotiate in good faith with Mr. Pillado to settle within MID-CONTINENT's policy limits.

25. MID-CONTINENT was well aware that a verdict in the case of Jesus Pillado could easily exceed their policy limits given the injuries alleged and the alleged economic damages that exceeded $1 million, as set forth by Plaintiff and his experts in pre-suit discovery.

26. Jesus Pillado offered to settle all of his claims within MID-CONTINENT's policy limits prior to and during jury selection and the underlying trial, when presented multiple opportunities to do so.

4

MCINTOSH SAWRAN & CARTAYA, P.A. • ATTORNEYS AT LAW • 1776 EAST SUNRISE BLVD • FORT LAUDERDALE, FL 33304
TELEPHONE (954) 765-1001          FACSIMILE (954) 765-1005

*Complaint and Demand for Jury Trial*

27. Given the alleged liability, the catastrophic injuries and the future medical care that Plaintiff was projected to need for the remainder of his life, the demand to settle at or below $1 million was reasonable, and the reasonably prudent person when faced with the prospect of paying a judgment in excess of that sum, would do so under all the circumstances.

28. MID-CONTINENT refused to settle the Pillado claim within its policy limits, despite repeated demand by Plaintiff WFIC to do so.

29. Despite Jesus Pillado's catastrophic injuries and his projected future medical care, MID-CONTINENT never offered more than $250,000.00 before or during trial.

30. Despite having knowledge of the catastrophic injuries and lifetime medical care needs of Jesus Pillado, WFIC's demand to settle within MID-CONTINENT's policy limits, Pillado's willingness to settle within those limits, and WFIC's urging to negotiate in good faith and settle this claim within its policy limits, MID-CONTINENT failed to do so.

31. WFIC was forced to hire counsel to represent it in this action and is obligated to pay its attorneys a reasonable fee for their services.

32. Pursuant to Chap. 627.428, Fla. Stat., WFIC is entitled to recover the legal fees incurred in bringing this action.

### COUNT I
### Common Law Bad Faith - Equitable Subrogation

33. Plaintiff adopts and re-alleges paragraphs 1 through 32 above. MID-CONTINENT acted in bad faith when it failed to settle the Jesus Pillado claim against Continental when it could and should have done so had it acted fairly and honestly toward Continental and Continental's excess carrier, WFIC.

MCINTOSH SAWRAN & CARTAYA, P.A. • ATTORNEYS AT LAW • 1776 EAST SUNRISE BLVD • FORT LAUDERDALE, FL 33304
TELEPHONE (954) 765-1001          FACSIMILE (954) 765-1005

*Complaint and Demand for Jury Trial*

34. MID-CONTINENT acted in bad faith when it failed to attempt in good faith to settle the Jesus Pillado claim when under all circumstances, it could have and should have done so, had it acted fairly and honestly towards its insured and its insured's excess carrier, and the Plaintiff and with due regard for their interests.

35. MID-CONTINENT acted in bad faith by failing to promptly settle the claim when the obligation to settle the claim became reasonably clear.

36. MID-CONTINENT did not act reasonably when it failed to settle the Jesus Pillado claim within its policy limits thereby exposing its insured, Continental, and its excess carrier, WFIC, to an excess judgment.

37. MID-CONTINENT acted in bad faith thereby exposing its insured and the excess carrier to an excess judgment by failing to do the following acts, including but not limited to:

    a. Failing to accept the demand to settle the Pillado claim within MID-CONTINENT's policy limits pursuant to the offers conveyed by Mr. Pillado's counsel prior to and during jury selection;

    b. Failing to act in its insured's best interest and/or the excess carrier's best interest, and instead acting in its own best interest;

    c. Failing to adopt and implement standards for the proper investigation of claims, including this claim;

    d. Failing to acknowledge and act promptly upon communications with respect to this claim;

    e. Failing to attempt in good faith to make any reasonable or sufficient settlement offers in an effort to resolve these claims;

MCINTOSH SAWRAN & CARTAYA, P.A. • ATTORNEYS AT LAW • 1776 EAST SUNRISE BLVD • FORT LAUDERDALE, FL 33304
TELEPHONE (954) 765-1001    FACSIMILE (954) 765-1005

*Complaint and Demand for Jury Trial*

      f.    Failing to attempt in good faith to enter into settlement negotiations in an effort to resolve this claim; and/or

      g.    Failing to communicate all settlement offers to the excess carrier.

38.    Plaintiff WFIC is equitably subrogated to all rights its insured has for MID-CONTINENT's bad faith, under Florida law.

39.    Despite being presented the opportunity to settle by the Plaintiff, the urging to settle by the trial judge, the analysis of its defense counsel that the verdict exposure exceeded its primary limits, and demand by WFIC that it settle the case within its limits, Defendant MID-CONTINENT failed to attempt to settle and/or settle within its primary limits, when the reasonable person faced with the prospect of paying the entire exposure, would have done so. Said action constitutes the bad faith under Florida law which Plaintiff is equitably subrogated to pursue MID-CONTINENT for.

**WHEREFORE**, Plaintiff, WESTCHESTER FIRE INSURANCE COMPANY, demands entry of a judgment against Defendant, MID-CONTINENT CASUALTY COMPANY, for all damages awarded below in excess of MID-CONTINENT's primary insurance limits, ($705,173.00), plus pre-judgment interest thereon, together with an award of attorneys' fees and costs and such further relief as the Court deems proper.

## COUNT II
### Statutory Bad Faith Pursuant to Fla. Stat. 624.155

Plaintiff adopts and realleges paragraphs 1 through 32 above as of set forth in full.

40.    MID-CONTINENT acted in bad faith when it failed to settle the Jesus Pillado claim filed against Continental when it could have and should have done so had it acted fairly and honestly toward Continental and Continental's excess carrier, WFIC.

7

MCINTOSH SAWRAN & CARTAYA, P.A. • ATTORNEYS AT LAW • 1776 EAST SUNRISE BLVD • FORT LAUDERDALE, FL 33304
TELEPHONE (954) 765-1001    FACSIMILE (954) 765-1005

*Complaint and Demand for Jury Trial*

41.  MID-CONTINENT acted in bad faith when it failed to attempt in good faith to settle the Jesus Pillado claim when under all circumstances, it could have and should have done so, had it acted fairly and honestly towards its insured and its insured's excess carrier (WFIC), and with due regards for their interests.

42.  MID-CONTINENT acted in bad faith by failing to promptly settle the claim when the obligation to settle the claim became reasonably clear.

43.  MID-CONTINENT did not act reasonably when it failed to settle the Jesus Pillado claim within its policy limits thereby exposing its insured, Continental, and its excess carrier, WFIC, to an excess judgment. MID-CONTINENT acted in bad faith thereby exposing its insured and the excess carrier to an excess judgment by failing to do the following acts, including but not limited to:

   a.  Failing to accept the offer to settle the Pillado claims within MID-CONTINENT's policy limits pursuant to the offers conveyed by plaintiff's counsel prior and during jury selection;

   b.  Failing to act in its insured's best interest and/or the excess carrier's best interest, and instead acting in its own best interest;

   c.  Failing to adopt and implement standards for the proper investigation of claims, including this claim;

   d.  Failing to acknowledge and act promptly upon communications with respect to this claim;

   e.  Failing to attempt in good faith to make any reasonable settlement offers in an effort to resolve these claims;

*Complaint and Demand for Jury Trial*

      f.    Failing to attempt in good faith to enter into settlement negotiations in an effort to resolve this claim; and/or

      g.    Failing to communicate all settlement offers to the excess carrier.

44.    Plaintiff provided Defendant MID-CONTINENT with statutory notice of civil remedy for insurer violation, on April 27, 2011, under Fla. Stat. § 624.155 allowing MID-CONTINENT up to and including June 26, 2011 to cure its violation. Attached as **Exhibit D** is that notice of insurer violation.

45.    Despite being provided an opportunity to cure its violation of § 624.155 and to avoid this action, MID-CONTINENT refused to re-pay Plaintiff within 60 days of the statutory notice, the sums it was required to pay, for satisfaction of the underlying judgment against Continental as their insured.

46.    All conditions precedent to bringing a direct action for civil remedy for insurer violation have been complied with by Plaintiff. Under Fla. Stat. § 624.155(4) Plaintiff is entitled to recover court costs and reasonable attorneys' fees.

**WHEREFORE**, Plaintiff, WESTCHESTER FIRE INSURANCE COMPANY, demands entry of a judgment against Defendant, MID-CONTINENT CASUALTY COMPANY, for all damages awarded below in excess of MID-CONTINENT's primary insurance limits, ($705,173.00), plus pre-judgment interest thereon from June 26, 2011, together with an award of attorneys' fees and costs under Fla. Stat. § 624.155(4), and such further relief as the Court deems proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues triable as a matter of right by a jury.

MCINTOSH SAWRAN & CARTAYA, P.A. • ATTORNEYS AT LAW • 1776 EAST SUNRISE BLVD • FORT LAUDERDALE, FL 33304
TELEPHONE (954) 765-1001    FACSIMILE (954) 765-1005

*Complaint and Demand for Jury Trial*

**DATED**: this 9th day of May, 2012.

                      McINTOSH SAWRAN &
CARTAYA, P.A.
Attorneys for Plaintiff
1776 East Sunrise Blvd.
P.O. Box 7990
Fort Lauderdale, FL 33338-7990
Telephone:   954-765-1001
Facsimile:   954-765-1005

By: /s/ Michal F. Barzyk
    DOUGLAS M. MCINTOSH
    Florida Bar No: 325597
    email:  dmcintosh@mscesq.com
    **MICHAEL F. BARZYK**
    **Florida Bar No: 0232040**
    **email:  mbarzyk@mscesq.com**